UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

ROBERT BINYARD,

        Plaintiff,

-against-

THE ADMINISTRATION OF CHILDREN
SERVICES,

        Defendant.

----------------------------------------X

MEMORANDUM
AND ORDER
05-CV-2062 (JG)

JOHN GLEESON, United States District Judge:

    Plaintiff, appearing *pro se,* brings, for the second time, this action challenging New York state court's child custody determination in which he seeks twenty million dollars in damages. Plaintiff's request to proceed *in forma pauperis* is granted solely for the purpose of this order. However, the complaint is dismissed for lack of subject matter jurisdiction.

Standard of Review

    In reviewing plaintiff's complaint, the Court is mindful that because plaintiff is proceeding *pro se,* his submissions should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980); McEachin v. McGuinnis, 357 F.3d 197 (2d Cir. 2004). However, a plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over this action. See e.g., Rene v. Citibank NA, 32 F. Supp. 2d 539, 541-2 (E.D.N.Y. 1999) (dismissing *pro se* plaintiff's complaint for lack of subject matter jurisdiction). Further, under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a

1

claim on which relief can be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "'the factual contentions are clearly baseless,' such as when allegations are the product of delusion of fantasy," or (2) "the claim is 'based on an indisputedly meritless legal theory.'" Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citations omitted).

Discussion

Plaintiff brings this repeat challenge to a child custody determination made by a New York State family court in 2001. He wants to hold defendant, Administration of Children Services ("ACS"), "accountable" for the position they took at a "placement hearing" before "Judge Stanton." Complaint at 2. He states that ACS made a "derogatory comment" that his child would not be "released" to him because of "the company he keeps." Id.

Plaintiff's previous action against the same defendant challenged the same determination and was dismissed by this Court for lack of subject matter jurisdiction on September 14, 2004. Binyard v. Administration of Children Services et al., 04-CV-3108 (JG), docket entry no 3,4 ("With exceptions not relevant here, a United States district court has no authority to review final judgments of a state court.") (citing Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983)). This action is also barred under Rooker-Feldman for lack of subject matter jurisdiction. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., __ U.S. __, 125 S.Ct. 1517, 1521-22 (2005) (the Rooker-Feldman doctrine precludes a district court from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." ).

2

Conclusion

Accordingly, the instant action is hereby dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12 (h)(3). Moreover, the Court cannot tolerate abuse of its resources.[1] Plaintiff is hereby warned that any future action which he may file shall be reviewed and if plaintiff files another duplicative or baseless action, the Court may enter an order barring the acceptance of any future *in forma pauperis* complaint for filing without first obtaining leave of the Court to do so. 28 U.S.C. § 1651. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/John Gleeson
JOHN GLEESON, U.S.D.J.

Dated: Brooklyn, New York
May 20, 2005

---

[1] In addition to the complaint previously referenced, plaintiff has filed six other actions in this Court, four in 2003, all of which were dismissed by the Court. Binyard v 83rd Precinct Detective Squad et al., 03-CV-4717 (JG) (dismissed for failure to respond to Court's order to amend complaint); Binyard v. 83rd Precinct Detective Squad, 03-CV-5120 (JG) (dismissed as duplicate of 03-CV-4717); Binyard v. 83rd Precinct et al, 03-CV-06126 (JG) (dismissed as duplicate of prior actions); Binyard v. 83rd Precinct et al., 03-CV-5208 (JG)(LB) (discontinued by stipulation).